■ BARBARA SCHERL, Respondent, v ALLEN SCHERL, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered December 24, 1985, the defendant husband appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated April 24, 1989, which granted the plaintiff wife's motion for summary judgment on her application for maintenance arrears, directed the defendant to pay $11,453.18 in arrears plus stated costs and attorneys' fees, and denied his cross motion for summary judgment dismissing the application for arrears.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the application for arrears is dismissed.

The parties entered into a stipulation of settlement wherein they agreed, among other things, that the defendant's maintenance obligation would cease if the plaintiff resided with another adult male for more than six months. The stipulation was made part of but not merged with the subsequent judgment of divorce. Thereafter, the parties entered into a second stipulation in November 1986 which modified the conditions of the maintenance obligation but made no mention of the cohabitation condition. It did, however, specifically provide that any provision not amended or modified therein was to remain in full force and effect. The plaintiff began cohabitating with her intended new husband soon after the execution of the second stipulation. The defendant paid the monthly maintenance at least through July 1987. When the payments ceased the wife brought the instant application seeking to recover alleged arrears.

We conclude that the cohabitation condition was intended to and did survive the second stipulation and that, consequently, the defendant's maintenance obligation did not extend beyond July 1987. We therefore reverse and grant summary judgment to the defendant. Thompson, J. P., Bracken and O'Brien, JJ., concur.

Miller, J., dissents and votes to affirm the order appealed

from, with the following memorandum: I disagree with the majority's interpretation of the parties' second stipulation by which they altered their original agreement.

The initial stipulation entered into on July 2, 1985, settled issues pertaining to the parties' divorce, custody, child support, as well as the husband's obligation to provide maintenance for the wife. In regard to maintenance, the agreement obligated the husband to make monthly payments for a period of 12 years from July 1, 1985, in the sum of $2,750 for the first eight years, 80% of that sum in the ninth year, 60% in the tenth year, 40% in the eleventh year, and 20% in the twelfth year, all payments to be subject to a cost of living adjustment based upon the Consumer Price Index.

The stipulation further provided: "It is understood and agreed that the wife's maintenance shall cease in the event of (A) her death, (B) her continuous living together with a non-relative, adult male, for more than six months, (C) the expiration of the time period set forth herein, or (D) her remarriage."

The stipulation was made part of but not merged in the judgment of divorce.

Subsequently, due to the wife's impending remarriage and her contemplated move to Indiana with her future husband, the parties entered into a second stipulation executed before the court on November 25, 1986, which modified certain of the custody, visitation, and maintenance provisions of the original agreement.

With respect to maintenance, it provided: "It is understood and agreed that defendant shall be relieved of making maintenance payments to plaintiff either one year after January 1, 1987, or the date of the remarriage of the plaintiff, whichever shall first occur." The agreement also provided: "except as hereinafter amended or modified, the stipulation of July 2, 1985 and the judgment of divorce of December 24, 1985, shall remain in full force and effect."

In seeking to clarify the effect of the second stipulation on the first, the court asked the wife if she understood what was read into the record and she responded, "I understand that my maintenance ends by January 1, 1987 [sic] or at the time of my remarriage". The husband's attorney added "[w]hichever is sooner."

The wife moved to Indiana following the execution of the November 1986 stipulation and did not remarry until January 1, 1988. The husband continued maintenance payments

through August 1, 1987, when he ceased making any maintenance payments. The instant appeal concerns the sum of $11,453 plus costs and legal fees which represent maintenance payments which the wife claims she is entitled to for the months of September through December 1987 plus increments resulting from the cost of living increase provision.

The parties' dispute and the issue which divides this court centers upon a determination of the parties' intentions in executing the second stipulation. Did they intend the wife's entitlement to maintenance to cease only in the event of her remarriage, or no later than January 1, 1988, or did they intend the survival of the additional condition contained in the first stipulation that the husband's obligation would terminate in the event she were to live with an unrelated male for a period of six months or more?

In reversing the trial court, the majority relies upon the "boilerplate" savings clause of the second stipulation which provides that "except as herein amended or modified the stipulation * * * shall remain in full force and effect". The majority reasons that since the living together provision which was included in the first stipulation was not expressly referred to nor expressly modified or canceled by the parties' subsequent stipulation, the parties intended it to survive the modification.

Considering the circumstances of the parties at the time they entered into the second agreement, the agreement as a whole, as well as the expressed intention of the wife preserved in the record, I find the trial court's construction of the agreement far more persuasive. When the wife indicated her intention to move to Indiana and remarry, the parties found it appropriate to alter various provisions of the original agreement pertaining to custody, visitation and maintenance. The wife, recognizing that her impending marriage would serve to terminate her maintenance, agreed to an outside end date of January 1, 1988, or her remarriage, whichever was to occur earlier. The husband, clearly benefitting from an early termination of his substantial maintenance obligation, understandably concurred. There is no evidence whatsoever that the "living together" provision of the first stipulation was even considered. Significantly, it was omitted from the second stipulation. I find the majority's construction which incorporates the "living together" clause of the first stipulation into the second stipulation inconsistent with the parties' circumstances, as well as contradictory to the expressed understand-

ing of the wife and the husband's attorney on the record. I would therefore affirm the order appealed from.